Edward J. Bogacki, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Brockway Glass Corporation and Liberty Mutual Insurance Company, Respondents.

Argued September 12, 1980, before Judges MENCER, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Querino R. Torretti,* for petitioner.

*Mary J. McCrory,* with her *Robert G. Simasek* and *Lawrence J. O'Toole, Kyle and Ehrman,* for respondents.

OPINION BY JUDGE WILLIAMS, JR., December 3, 1980:

This is an appeal by Edward J. Bogacki (claimant) from an order of the Workmen's Compensation Appeal Board (Board) affirming the referee's dis-

missal of the claimant's petition to set aside a Final Receipt.

In November 1975, the claimant suffered a work-related injury to his right hand; and a Notice of Compensation Payable was subsequently filed. Between November 10, 1975, and February 7, 1976, the claimant received compensation. On February 13, 1976, he executed a Final Receipt. A Supplemental Agreement was filed in August 1976, resulting in the claimant being paid additional compensation for the period from July 7, 1976, to May 28, 1977. On May 31, 1977, claimant Bogacki executed a second Final Receipt.

Thereafter, the claimant filed a claim petition asserting total disability of his right hand. The petition was treated as one to set aside the Final Receipt; and, after a hearing, the referee dismissed the petition. However, the referee did award "specific loss" compensation for three fingers. The claimant appealed the referee's decision to the Board; and the Board affirmed.

In affirming the referee, the Board stated in its opinion that "the claimant appeared at the Board hearing, thus permitting the Board to observe the hand and fingers concerned." According to the opinion, that observation was part of the Board's basis for affirming the referee.

However, the claimant's brief to this Court asserts that he never appeared before the Board and thus the Board could not have observed his hand and fingers, as stated in the opinion.

We have nothing before us in this appeal that enables us to resolve this disturbing disagreement as to what occurred below. Accordingly, we must remand this case to the Board for an explanation or clarification of its statement that it observed the claimant's hand and fingers.

ORDER

AND Now, the 3rd day of December, 1980, the above-captioned case is hereby remanded to the Workmen's Compensation Appeal Board, to proceed in accordance with the annexed opinion.